IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                              )
                                                    )  Case No. 14-19734
DIKA-JEFFERSON, LLC,                                )  Chapter 11
an Illinois Limited Liability Company,              )  Judge A. Benjamin Goldgar
                                                    )
        Debtor/Debtor-in-Possession.                )

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order Authorizing
Employment (Dika-Jefferson, LLC): <u>June 30, 2014</u>

Period for Which Compensation
is Sought:   From: <u>March 30, 2015</u> through <u>September 30, 2015</u>

Amount of Fees Sought: <u>$16,846.00</u>

Amount of Expenses
Reimbursement Sought: <u>$226.58</u>

This is a(n):  Interim Application ____   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 3/23/15 | 5/27/14 - 3/20/15 | $37,958.70 | $37,958.70 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtors' Counsel received pre-petition advance payment retainers from the Debtor in the aggregate amount of $36,213.00. After crediting for work performed pre-petition by CHSWC on behalf of the Debtor, the remaining balance of the retainer as of the Petition Date was $32,123.50.**

Date: September 30, 2015

Applicant:    Thomas W. Goedert and the firm
              <u>Crane, Heyman, Simon, Welch & Clar</u>

              By: <u>/s/Thomas W. Goedert</u>
                  Debtor's Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-19734 |
| DIKA-JEFFERSON, LLC, ) | Chapter 11 |
| an Illinois Limited Liability Company, ) | Judge A. Benjamin Goldgar |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the day of October 21, 2015 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, in the room usually occupied by him as courtroom 642 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

/s/Thomas W. Goedert
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 30th day of September, 2015

/s/Thomas W. Goedert

## SERVICE LIST

*Kathryn Marie Gleason
United States Trustee
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

*Jamie L. Burns
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602

*Jonathan P. Friedland
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602

*Elizabeth B. Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602

Baum Realty/Allen Joffe
1030 W. Chicago Ave., Ste. 200
Chicago, IL 60642

Dickler, Kahn, Slowikowski
& Zavell Ltd.
85 W. Algonquin Rd., Ste. 420
Arlington Heights, IL 60005

Dika-Lakeview, LLC
85 W. Algonquin Rd., Ste. 420
Arlington Heights, IL 60005

Dika-Management LLC
85 W. Algonquin Rd., Ste. 420
Arlington Heights, IL 60005

DuPage County Treasurer
421 County Farm Rd.
Wheaton, IL 60187

Heartland Midwest, LLC
1400 Opus Place, Suite 900
Downers Grove, IL 60515

Larry Kanar
471 White Oak
Riverwoods, IL 60015

Marshall Dickler
1334 Woodland Lane
Riverwoods, IL 60015

Jewel/Osco
150 Pierce Rd., Ste. 200
Itasca, IL 60143

NorthBrook Bank & Trust Company
1100 Waukegan Rd.
Northbrook, IL 60062

NorthBrook Bank & Trust Company
c/o J. Burns @Levenfeld Pearlstein
2 N. LaSalle St., Ste. 1300
Northbrook, IL 60062

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-19734 |
| DIKA-JEFFERSON, LLC, ) | Chapter 11 |
| an Illinois Limited Liability Company, ) | Judge A. Benjamin Goldgar |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**

Thomas w. Goedert and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), Counsel to DIKA-Jefferson, LLC, Debtor and Debtor in Possession herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period March 30, 2015 through September 30, 2015; and in support thereof, state as follows:

**Introduction**

1. On May 27, 2014, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. Previously, on May 30, 2014, Dika-Rockford, LLC, an Affiliate of debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. That case is pending before this Court as Case No. 14-20376.

3. The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to

1

serve in this reorganization case.

4. On June 30, 2014, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to May 27, 2014, with compensation subject to the further Order of this Court.

5. By this Motion, CHSWC requests a final allowance of compensation and reimbursement of expenses in the amounts of $16,846.00 and $226.58, respectively, for legal services rendered to the Debtor during the period March 30, 2015 through September 30, 2015. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

6. CHSWC has received one prior allowance of interim compensation and expenses in this Chapter 11 case in the amounts of $36,596 and $1,362.70 ("Interim Compensation"). The pre-petition retainer of $36,213.00 was applied to the Interim Compensation award.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

8. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 5082-1.

**Relevant Factual Background**

9. The Debtor is an Illinois limited liability company that is the owner and operator of a of a single out lot located at 2040 Aurora Ave, Naperville, IL 60540. Currently a fully operational Burger King Restaurant is located on the property.

2

10.  Dika-Rockford, LLC the Affiliate, ("Affiliate") Property is comprised of approximately 66,711 square feet of retail shopping center space and is located at 5410-5458 State Street, Rockford Illinois, known as "College Plaza Shopping Center".

11.  The Debtor's operational and profitability problems are principally due to the general economic problems facing this country over the last several years (particularly in real estate) which has resulted in periodic declines in occupancy levels and the extended time required to bring occupancy levels back to proper levels. This has been exacerbated in the Debtor's case by reason of mortgage financing at interest rate levels substantially above market rates.

12.  The Debtor had attempted, without success, to engage the Lender in a discussion over a restructuring of the underlying mortgage indebtedness.

13.  Based upon the underlying loan documents of the Lender, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property.

14.  The Lender filed a Motion to Dismiss or Alternatively Lift the Stay which was fully briefed and subsequently denied.

15.  On October 1, 2014, the Debtor filed its Plan of Liquidation ("Plan") and supporting Disclosure Statement.

16.  On November 26, 2014, the Lender filed its second Motion to Lift Stay.

17.  In April 2015, Lender sold the Note and mortgage to Rockford Note Investors LLC.

18.  Debtors were able to successfully negotiate a Joint Consensual Plan of Reorganization ("Plan"), which was filed on June 22, 2015.

3

19. On September 9, 2015, this Court entered an order confirming the Plan.

**Final Compensation**
**and Expenses Requested**

20. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency.

21. The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor. Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

22. Thomas W. Goedert is Of Counsel to the law firm and has been practicing law in the State of Illinois since 1989. His practice includes the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit, and before the United States District Courts for the Northern Districts of Illinois. He is a member of several other bar associations and legal organizations. Mr. Goedert is the former Co-Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the Former First Chairman of the Bankruptcy Court Liaison Committee.

23. JEFFREY C. DAN is a member of CHSWC and has been practicing law in

4

the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy and bankruptcy litigation as well as State Court litigation that arises in insolvency matters. He has served as a member of the Illinois State Bar Association, Commercial Banking and Bankruptcy Law Section Council. Mr. Dan is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit and the United States Court of Appeals for the Third Circuit. He is also admitted to practice before the United States District Courts for the Northern District of Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of Wisconsin.

24.     BRIAN P. WELCH is an associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in

5

2008. While in law school, he was a member of The John Marshall Law Review and served on the The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national inter-scholastic competitions, including the Hon. Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar Association, and the Illinois State Bar Association. He has been published in various local and national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual Survey of Bankruptcy Law, Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).

Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases", Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Unconscionable Amateurism: How the NCAA Violates Anti-Trust by Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

25. The hourly rates typically usually charged by CHSWC in matters of this nature are as follows:

| Attorney | 2015 Hourly Rates |
|---|---|
| Eugene Crane (EC)[1] | $495.00 |
| Arthur G. Simon (AGS) | $495.00 |
| David K. Welch (DKW) | $495.00 |
| Scott R. Clar (SRC) | $495.00 |
| Jeffrey C. Dan (JCD) | $420.00 |
| John H. Redfield (JHR) | $395.00 |
| Thomas W. Goedert (TWG) | $430.00 |
| Brian P. Welch (BPW) | $300.00 |

26. The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtors during the relevant period:

| Attorney | 2015 Hours | Amount |
|---|---|---|
| Arthur G. Simon | .40 | $ 198.00 |
| Thomas W. Geodert | 15.40 | $ 6,622.00 |
| Jeffrey C. Dan | 23.80 | $ 9,996.00 |
| Brian P. Welch | .10 | $ 30.00 |
| **Total** | **39.70** | **$16,846.00** |

27. During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $226.58. These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

28. The representation of the Debtor is categorized in this Motion as follows:

A) **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing bankruptcy schedules, routine motions and professionals' fee applications and

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

7

retention motions. Also included in this category are legal services related to and assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                                  **7.60 hours**

| Attorney | 2015 Hours | Amount |
|---|---|---|
| Thomas W. Geodert | 6.50 | $2,795.00 |
| Jeffrey C. Dan | 1.00 | $ 420.00 |
| Brian P. Welch | .10 | $ 30.00 |
| **Total** | **7.60** | **$3,245.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

**B)   Property Issues**

Various issues have arisen during the course of this Chapter 11 case relating to the Property. These issues include negotiation of leases and lease amendments, and post-petition contracts. CHSWC has assisted the Debtor with all of these issues.

**Total Time Expended**                                  **0 hours**

| Attorney | 2015 Hours | Amount |
|---|---|---|

**C)   Plan And Disclosure Statement**

The Debtor filed a Joint Consensual Plan and Disclosure Statement and negotiations concerning terms and conditions of the Plan.

**Total Time Expended**                                  **32.10 hours**

| Attorney | 2015 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.40 | $ 198.00 |
| Thomas W. Goedert | 8.90 | $ 3,827.00 |
| Jeffrey C. Dan | 22.80 | $ 9,576.00 |
| **Total** | **32.10** | **$13,601.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

8

**Conclusion**

29. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtor.

30. CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

31. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

32. CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, THOMAS W. GOEDERT, JEFFREY C. DAN, BRIAN P. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, request the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $16,846.00 and $226.58, respectively; and granting such other relief as may be just and appropriate.

                Respectfully Submitted,

                THOMAS W. GOEDERT, JEFFREY C. DAN,
                BRIAN P. WELCH and the law firm of CRANE,
                HEYMAN, SIMON, WELCH & CLAR

                By:   /s/Thomas W. Goedert

**DEBTOR'S COUNSEL**:
Thomas W. Goedert (Atty No. 6201228)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114

10